[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kowalski Co. Realtor, LLC (Kowaiski), commenced this action pursuant to General Statutes § 20-325a, seeking to foreclose on a lien in order to collect a real estate broker's commission. Kowalski brings this action against Pamela Mrazik, the seller of the subject property, and Founders Construction and Development, Inc., (Founders), the prospective buyer of the property. It is undisputed that Kowalski entered into a contract (listing agreement) with Mrazik to sell her property and that Kowalski found a buyer, Founders, for the property. It is also undisputed that Mrazik and Founders entered into a purchase and sale agreement for the sale of the property, however, the parties did not close on the property. Subsequently, Mrazik did not pay Kowalski its commission in accordance with the terms of the listing agreement.
Mrazik now moves for summary judgment on the ground that there are no genuine issues of material fact and she is entitled to summary judgment as a matter of law because the listing agreement is fatally defective, and, therefore, Kowalski is not entitled to recover its commission. Mrazik argues that Kowalski did not strictly comply with the requirements of General Statutes §§ 20-325a, 20-325d and 20-325g. In her memorandum of law in support of her motion for summary judgment and reply memorandum, Mrazik argues that: (1) § 20-325a (b)(2) requires that a listing agreement must include the seller's name and address and that the listing agreement she signed does not include her address; and (2) Kowalski failed to comply with §§ 20-325d and 20-325g, which pertain to disclosure of dual agency and dual agency consent agreements, respectively. In support of her motion, Mrazik submits a copy of a dual agency consent agreement (Exhibit B); a copy of a dual agency/designated agency disclosure notice and consent agreement signed by Mrazik and Founders (Exhibit C); a copy of §§ 20-325d-2 and 20-325d-5 of the Regulations of Connecticut State Agencies (Exhibits D and B, respectively); and the affidavit of Mrazik (Exhibit F).
In opposition, Kowalski argues that it did comply with § 20-325a, CT Page 12344 and, therefore, the listing agreement is valid. Additionally, Kowalski argues that it was not required to provide a dual agency notice form pursuant to § 20-325g. Kowalski submits the affidavit of Frederick Dzindzalet, the agent who entered into the listing agreement with Mrazik; a copy of the signed listing agreement (Exhibit A); a copy of a residential property card; a copy of a dual agency/designated agency disclosure notice and consent agreement signed by Mrazik and Founders (Exhibit B); and a copy of the real estate purchase and sale agreement signed by Mrazik and Founders (Exhibit C).
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556.
 I.
Mrazik argues that § 20-325 a requires strict compliance and that the failure to include her address in the listing agreement renders the listing agreement fatally defective. Specifically, Mrazik argues that § 20-325a (b)(2) requires that her address be included in the listing agreement in order for Kowalski to recover its commission pursuant to a valid listing agreement.
Section 20-325a (b) provides in part: "No person, licensed under the provisions of this chapter, shall commence or bring any action with respect to any acts done or services rendered after October 1, 1995, as set forth in subsection (a), unless the acts or services were rendered pursuant to a contract or authorization from the person for whom the acts were done or services rendered. To satisfy the requirements of this subsection any contract or authorization shall: (1) Be in writing, (2) contain the names and addresses of the real estate broker performing the services and the name of the person or persons for whom the acts wereCT Page 12345done or services rendered, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization, (5) be signed by the real estate broker or the real estate broker's authorized agent, (6) if such contract or authorization pertains to any real property, include the following statement: `THE REAL ESTATE BROKER MAY BE ENTITLED TO CERTAIN LIEN RIGHTS PURSUANT TO SECTION 20-325a OF THE CONNECTICUT GENERAL STATUTES', and (7) be signed by the person or persons for whom the acts were done or services rendered or by an agent authorized to act on behalf of such person or persons, pursuant to a written document executed in the manner provided for conveyances in section 47-5. . . ." (Emphasis added.)
"The objective of statutory construction is to give effect to the intended purpose of the legislature. . . . Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner,229 Conn. 213, 223, 640 A.2d 89 (1994).
The language of § 20-325a (b)(2), upon which Mrazik relies, is clear and unambiguous. This provision does not require that the seller's address be included in the listing agreement. The real estate broker's address, however, must be included in the listing agreement. Mrazik's argument is without merit because the clear language of the statute does not require the seller's address. Accordingly, the absence of Mrazik's address from the listing agreement does not render the agreement invalid.
 II.
Mrazik next argues that Kowalski did not conform to the statutory requirements of § 20-325d concerning dual agency disclosure. Specifically, Mrazik argues that Kowalski did not comply with § 20-325d
and §§ 20-325d-2 and 20-325d-5 of the Regulations of Connecticut State Agencies because it failed to attach the statutory form regarding dual agency disclosure. Mrazik fails to provide any evidence in support of this argument.
Section 20-325d provides in relevant part: "Whenever any real estate broker or real estate salesperson intends to act as an agent for the prospective purchaser or lessee, he shall disclose such intendedrepresentation to the seller or lessor at the beginning of the firstpersonal meeting with the seller or lessor concerning the seller's orlessor's real property, unless such seller or lessor is represented by CT Page 12346 another real estate broker or real estate salesperson licensed under this chapter." (Emphasis added.)
The language of § 20-325d is clear and unambiguous. Applying the language of the statute to the present case raises an issue of material fact as to whether Kowalski was required to disclose dual agency at the time of its first personal meeting with Mrazik. Mrazik has failed to provide any evidence that Kowalski already had a buyer interested in Mrazik's property at the time of their first personal meeting, therefore, there remains a genuine issue of material fact as to whether Kowalski was required, pursuant to § 20-325d, to disclose dual agency at its first personal meeting with Mrazik. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Internal quotation marks omitted.) Mytych v. May Dept. Stores Co., 260 Conn. 152, 164 n. 8,793 A.2d 1068 (2002). Mrazik has not satisfied her burden of showing the nonexistence of any material fact as to Kowalski's compliance with §20-325d.[1]
In addition, Mrazik argues that Kowalski failed comply with §20-325g, because it did not attach the proper statutory form for dual agency consent agreements to the listing agreement. Mrazik does not provide any evidence in support of her argument. Kowalski argues in opposition that it is not required, pursuant to § 20-325g, to use a specific form for the dual agency consent agreement, nor is it required to attach the form to the listing agreement. Kowalski also argues that the purpose of § 20-325g is to establish a presumption that the seller consented to dual agency representation.
Section 20-325g provides in relevant part: "There shall be a conclusive presumption that a person has given informed consent to a dual agency relationship with a real estate broker if that person executes a written consent in the following form prior to executing any contract or agreement for the purchase, sale or lease of real estate. . . ."
The clear and unambiguous language of § 20-325g does not require Kowalski to attach a dual agency consent agreement to the listing agreement. Furthermore, the listing agreement signed by Mrazik provides in part: "Owner understands that the Broker also may represent Buyers. In the event that the Broker becomes buyer's agent for a prospective buyer of the Owner's property, Broker will become a Dual Agent and Broker will notify Owner immediately and seek the Owner's informed written consent, by signature on the statutory form of Dual Agency Consent Agreement, to act as a dual agent." (Kowalski's Memorandum in Opposition, Exhibit A. CT Page 12347 p. 2, ¶ B. 3.) "If the following box is checked . . . the Owner does not approve of the Broker acting as a dual agent (Broker will still advise Owner of any of Broker's buyer clients that might be prospective buyers of the Owners property). Seller initial here _____ if box is checked." (Kowalski's Memorandum, Exhibit A, p. 2, ¶ B. 3.) A review of the listing agreement signed by Mrazik reveals that she did not check the box or initial the provision indicating that she did not give her consent to Kowalski to act as a dual agent.[2] (Kowalski's Memorandum, Exhibit A, p. 2, ¶ B. 3.)
Mrazik has failed to meet her burden of showing the absence of a question of fact regarding the invalidity of the listing agreement. Accordingly, the motion for summary judgment is denied.
 ___________________ Richard P. Gilardi, Judge